United States District Court
Southern District of Texas
**ENTERED**

October 14, 2021

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL CASE No. 2:20-CR-788-2 |
| | § | |
| RUDY ALONZO, JR., | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Rudy Alonzo, Jr.'s letter motion for compassionate release or home confinement. (Dkt. No. 96). For the reasons stated below, the motion is **DENIED**.

## I.       BACKGROUND

Earlier this year, Defendant pled guilty to conspiracy to possess with intent to distribute 33 grams of methamphetamine (actual). He has served 11 months (16%) of his 70-month sentence and has a projected release date, after good time credit, of October 16, 2025. Defendant now moves the Court for compassionate release or to be transferred to home confinement because he wants to be home with his family, especially his three children.

## II.    COMPASSIONATE RELEASE

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

**(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,* whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 558 (5th Cir. Nov. 2, 2020)).

**(A) Medical Condition of the Defendant.**—

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.

2

Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B)  Age of the Defendant. –**

The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C)  Family Circumstances.  –**

(i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D)  Other Reasons.  –**

As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable Section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

Defendant moves the Court for compassionate release because he wants to be at home with his family, especially his three children. This is hardly extraordinary—most, if not all, inmates would prefer to be at home instead of in prison. Defendant also has offered no evidence that he has pursued his remedies within the BOP before petitioning the Court for compassionate release as required. Because he has failed to demonstrate his compliance with the exhaustion requirements under Section 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it. *See generally*, *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016).

## III.   HOME CONFINEMENT

"With respect to home confinement, it is well-established that the BOP has sole authority to determine an inmate's placement, with consideration given to a district court's non-binding recommendation." *United States v. Reed*, 464 F. Supp. 3d 854, 862 (E.D. La. 2020) (citing 18 U.S.C. § 3621(b); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993)). *See also United States v. Forman*, 2021 WL 1536491, at *9 (E.D. Tex. Apr. 16, 2021) ("The BOP, however, has the exclusive authority to determine where a prisoner is housed; thus, the court is without authority to order home confinement."); *Valencia v. Carr*, 2020 WL 4581645, at *2 (N.D. Tex. Aug. 7, 2020) ("[W]ith regard to Petitioner's request to be released to home confinement, it is well settled that there is no constitutionally protected right to be confined in any particular place, including in-home confinement."). An inmate's initial remedy to challenge this determination is by administrative action within the BOP. The proper vehicle to thereafter challenge the BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241, which must be

filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Defendant is currently incarcerated at FCI Forrest City Medium, which is located in the Eastern District of Arkansas. Assuming Defendant remains incarcerated in Forrest City, he should file any Section 2241 petition in the Eastern District of Arkansas after first exhausting his administrative remedies.

## IV.     CONCLUSION

For the reasons stated above, Defendant's letter motion for compassionate release or home confinement (Dkt. No. 96) is **DENIED**.

It is so ORDERED.

October 13, 2021

DREW B. TIPTON
UNITED STATES DISTRICT JUDGE